**EXHIBIT A**

 CT Corporation

**Service of Process Transmittal**
03/30/2011
CT Log Number 518277192

**TO:** Karina Buitrago CHL ONLY
Bank of America
CA6-915-01-17, 30870 Russell Ranch Road
Westlake Village, CA 91362

**RE:** **Process Served in Georgia**

**FOR:** BAC Home Loans Servicing, LP (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Debra Harris, Pltf. vs. BAC Home Loans Servicing, LP, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Entry of Service, Summons, Complaint, Affidavit, Information Form |
| **COURT/AGENCY:** | Gwinnett County Superior Court, GA<br>Case # 11A-02955-10 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage - Wrongful foreclosure and seeks a determination of the validity of the foreclosure sale held in violation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2011 at 12:24 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Debra Harris<br>1765 Cambell Ives Drive<br>Lawrenceville, GA 30045<br>678-900-7773 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/31/2011, Expected Purge Date: 04/05/2011<br>Image SOP<br>Email Notification, Valeria Leiva CHL ONLY valeria.leiva@bankofamerica.com<br>Email Notification, Brenda Taormina CHL ONLY<br>brenda.taormina@bankofamerica.com<br>Email Notification, Karina Buitrago CHL ONLY karina.buitrago@bankofamerica.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Terence Hardley<br>1201 Peachtree Street, N.E.<br>Atlanta, GA 30361<br>404-965-3840 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _11 A 029SS 10_

Date Filed _3-29-11_

Attorney's Address

Debra Harris
1765 Campbell Ives Dr
Lawrenceville, GA 30045

Name and Address of Party to be Served

BAC Home Loan Servicing LP
Ct Corp System
1201 Peachtree St. NE
Atlanta GA 30361

SUPERIOR COURT

GEORGIA, FULTON COUNTY

Debra Harris
_____
                        Plaintiff

VS.

BAC Home loan Servicing LP
CT Corporation System
_____
                        Defendant

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a copy
of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of_____described as follows
age, about____years; weight, about_____pounds; height about___feet and ___inches, domiciled at the residence of the
defendant.

**CORPORATION**
☒ Served the defendant   _Bac Home loans Servicing LP_   a corporation
by leaving a copy of the with in action and summons with  _Ct Corp / S. Edwards @ 1224_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same
in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the
place stated in the summons.

Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

**NON EST**
☐

This _30th_ day of _MArch_ 20 _11_.

_Morgan # 2522_
                        DEPUTY

SHERIFF DOCKET_____PAGE_____

WHITE - CLERK; CANARY - PLAINTIFF; PINK - DEFENDANT

1 OF 3

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

Debra Harris

_____

_____

PLAINTIFF

CIVIL ACTION NUMBER ___11 A-02955-10___

VS.

BAC Home Loan Servicing LP
McCalla Raymer, LLC
C Troy Crouse, Thomas Sears

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

Debra Harris
1765 Campbell Ives Drive
Lawrenceville, GA 30045

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __22__ day of __March__, 20__11__.

Tom Lawler
Clerk of Superior Court

By:_____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Form 1 Revised 12-99

FORM 2

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| Debra Harris | ) | Case No. |
| Plaintiff, | ) | 11A-02955-jⅠ0 |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | |
| BAC HOME LOANS SERVICING, LP | ) | |
| | ) | |
| MCCALLA RAYMER, LLC | ) | |
| | ) | |
| C TROY CROUSE, | ) | |
| | ) | |
| THOMAS SEARS, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| | ) | |

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
2011 MAR 22 PM 4: 35
TOM LAWLER, CLERK

## COMPLAINT TO SET ASIDE WRONGFUL FORECLOSURE PROCEEDINGS AND TO QUIET TITLE PURSUANT TO O.C.G.A. § 44-14-184 AND O.C.G.A. § 23-3-40, RESPECTIVELY

COMES NOW Debra Harris, Titleholder/Mortgagor ("Plaintiff"), hereby petitions this Most Honorable Court to set-aside the wrongful foreclosure and seeks a determination of the validity of the foreclosure sale held in violation of statutory requirements, in particular O.C.G.A. § 23-2-114, together with damages and other relief:

## JURISDICTION AND VENUE

This court has jurisdiction over the parties for reason that Debra Harris is the titleholder, on record, with all rights to remove invalid liens and encumbrances, of the real property located at:

1765 Campbell Ives Dr, Lawrenceville, GA 300045

This court has subject matter jurisdiction reliant on Code and Rules of Georgia and by virtue of the evidence of a claim of title.

Page 1

Venue in the Superior Court of Gwinnett County is appropriate as the Superior Court of Gwinnett County has jurisdiction of actions to try title and the property legally described *supra* is located within the geographic boundaries of Gwinnett County, Georgia.

## STATEMENT OF FACTS

1. On May 25th 2007 Plaintiff entered into a refinance transaction and executed a Note and a Security Deed Contract Mortgage with lender/ Note Holder Countrywide Home Loans Servicing, LP (hereafter "Countrywide") (lender is party of interest by OCGA 7-6A-2(6), 9-11-17(1), and 9-2-20).

2. Plaintiff's original loan number 137574144 references and/or relates to all other documents, including but not limited to, Plaintiff's security deed, HUD settlement statement, title insurance and others.

3. Defendant Mortgage Electronic Registration Systems, INC ("MERS") was named on the security deed as nominee, bifurcating the Security Deed(security Instrument) from the Note (Negotiable instrument).

4. Plaintiff signed a Waiver of Borrower's Rights, waiving 5th and 14th Amendment rights to due process, which effectively established Countrywide Mortgage as agent to Plaintiff, granting them and their successors and/or assignees power of attorney and power of sale pursuant to O.C.G.A. § 10-6-1.

5. At no point before, during or after closing was it disclosed or noticed to the Plaintiff that the Note would be securitized and sold in a asset-backed securities pool, which is a breach of contract and private duty O.C.G.A. § 11-3-307, and a willful omission that induced the Plaintiff to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, pursuant to O.C.G.A. § 11-3-305(a)(1)(iii)

    6. Plaintiff's original loan number 137574144 references and/or relates to all other documents, including but not limited to the Note, Security Deed, HUD settlement statement, title insurance and others.
7. Coutrywide Mortgage specified MERS on the security deed as nominee, bifurcating the Security Deed from the Note whereby Countrywide Mortgage kept the Note, and MERS kept the security deed.
8. The Plaintiff on our about April 2009 was notified to send payments to BAC Home Loans Servicing, LP (hereafter "BAC").
9. There was a material alteration of Plaintiff's loan number, presented by Defendant BAC, with the new altered loan number being 51910110.
10. Out of a good faith effort, Plaintiff began directing payments to BAC.
11. In or around September 2009 Plaintiff began experiencing hardships such as challenges related to lost income, diminished savings, and contributions to other family matters, which resulted in a struggle to make payments.
12. Plaintiff sought help from her loan servicer in preserving her home and making her mortgage more affordable.
13. Plaintiff applied for a HAMP loan modification, after receiving a pre qualification notice from BAC, and faxed over all the requested information on or around November 4th 2009.
14. On or around Jan 15th 2010 BAC sent a correspondence to the Plaintiff stating that they are reviewing the loan for possible modification.
15. Plaintiff was requested more information to which she promptly responded to on or around May 11, 2010.
16. Plaintiff provided all documentation that was requested of her such as:

a.   Hardship Affidavit completed and signed.

    b.   Copy of most recently filed federal tax return with all schedules.

    c.   Copies or pay stubs.

17. The Plaintiff was still continuing to make payments that were accepted by BAC

18. Despite being in the midst of loan modification, and despite the Plaintiff having provided BAC with all documentation requested, BAC continually failed to provide a loan modification or a trial period plan.

19. Plaintiff received a letter on around June 3, 2010 stating that her loan had been referred to the foreclosure committee for review.

20. On or about June 29, 2010 Defendant McCalla Raymer, LLC (hereafter "McCalla Raymer") sent Plaintiff a Notice of Sale Under Power, affirmatively representing that their "client" was BAC and that BAC had retained them to foreclose upon the subject property, with a scheduled foreclosure date of August 3, 2010.

21. On or around July 2, 2010 the Plaintiff made a phone call to BAC inquiring about the foreclosure notice during the modification and was told to fax them banks statements, and signed tax returns.  The Plaintiff did so again, on or around July 6, 2010.

22. On or around July 9th, 2010 plaintiff wrote and faxed a letter to McCalla Raymer, stating that she was going through a loan modification.

23. Plaintiff called Bank of America again on August 2, 2010 only to find out that her house was still scheduled for foreclosure the next day, despite the Plaintiffs persistent, prompt, participation and co-operation throughout the whole modification process.

24. On the phone call BAC stated that the information the Plaintiff sent on or around July 6, 2010 was not loaded into the system, almost 30 days later.

25. Plaintiff then spoke with the Retention Department, where she was again asked for her financial information, and was pre-qualified for another modification.

26. Plaintiff spoke to the BAC foreclosure department and requested that the sale of her home be postponed, and faxed McCalla Raymer information in regards to the Plaintiffs current modification process.

27. Plaintiff has been living in limbo, without any assurances that there home would not be foreclosed, and despite her compliance with HAMP requirements has not been offered a Trial Period Plan or a permanent modification.

28. BAC as a servicing company allegedly foreclosed the Plaintiffs property on or around August 3,2010.

29. Plaintiff being aware that she closed with Countrywide Mortgage, and that Countrywide Mortgage was the alleged lender, secured creditor, and note holder, was surprised to be notified that McCalla Raymer was representing BAC alleging to be the secured creditor, which would be a misrepresentation of a material fact as OCGA 7-6A-2(6) clearly defines who is a creditor and who is not a creditor:

> "… creditor shall not include: (A) a servicer; (B) an assignee; (C) a purchaser; or (D) any state or local housing finance agency or any other state or local governmental or quasi-governmental entity."

30. Plaintiff obtained a certified copy of an Assignment purporting to transfer "all right and interest" in the subject property from MERS to BAC on May25, 2010.

31. Said Assignment is patently defective, flawed, deceptive, or fraudulent as the assignment appears to have been prepared, and assigned by C. Troy Crouse and Thomas Sears acting as Vice President and Assistant Secretary for MERS, but who are actuality employees of McCalla Raymer.

32. Plaintiff alleges that this Affidavit violates the Plaintiffs due process rights, and do not comport with Georgia procedural rules or fundamental fairness.

33. Plaintiff firmly believe, that even if this Affidavit was procedurally valid, it would still fail as a valid Assignment because MERS is not the creditor in any mortgage loan transaction and never has any legal standing to take that position, as they were not at the closing, and are not a party to the Note, and have no right to be transferring the said Note.

34. Plaintiff further asserts that even if this said assignment was valid, it would prove that there has been a bifurcation of the security deed from the promissory note, and that this defective, fraudulent assignment was an effort to rejoin a nullified security instrument back with the unsecured Note.

35. To date Defendants are in default and have participated in a wrongful foreclosure action

36. <u>As of the date of this Complaint, there are still unresolved issues.</u>

## CAUSE OF ACTION

### WRONGFUL FORECLOSURE

37. Plaintiff re-alleges and incorporates by reference the foregoing allegations.

38. The Defendants attempted foreclosure action was wrongful. The Security Deed is not enforceable due to that lack of ownership in the note by the Defendants and if such lawful owner of the indebtedness was to prove up a proper Note, bifurcation of the note and the security instrument has been proved by an invalid and fraudulent assignment of the mortgage by an intrusive non-party that was not the "Holder in Due Course"

39. A foreclosure action is merely a collection action on a negotiable instrument, namely the Original Promissory Note. A Security Deed acts as a security instrument for the Original Promissory Note. A foreclosure action is a collection on the Original Promissory Note,

not on the Security Deed. The Georgia Business and Commerce Code state that only a "Holder" of a negotiable instrument is entitled to enforce the negotiable instrument. But if such security instrument is invalid then the "Holder in Due Course" can only pursue the indebtedness of the "Note".

40. All the documents relating to the foreclosure refer to the "Holder of the Note", but Defendants have not shown themselves to be said Holder and/or the duly authorized representatives of the Holder, and even less so have not proved that there was a lawful right to enforce terms within the security instrument.

41. Despite Defendants' Knowledge of the dispute regarding Defendants' right to foreclose, Defendants pursued the foreclosure sale of the subject property under the use of a nullified Security Deed.

42. To date, Defendants have failed to demonstrate, and cannot demonstrate, the proper allonges, transfers, and assignments affixed to the Note permanently and irremovably, as required by the Georgia Commerce Code, that are required to show a proper chain endorsements on the face of the Note which should be supported by the chain of title filed with public records. In fact the alleged assignment of the mortgage filed in the Gwinnett County Georgia property records, purports to assign Security Deed from assignor, Mortgage Electronic Registration System, Inc. as Nominee for Lender and Lenders Successors and Assigns, to the assignee, BAC.

43. On information and belief, Countrywide Mortgage, held the Note at that time, making it impossible for said assignment to represent the actual state of ownership and impossible for said assignment to represent a true correct filing in the public records. MERS has not any legal capabilities to negotiate the Note, and to assign to any party that which is not in its possession.

44. Defendants have not demonstrated, and cannot demonstrate, either their status as the true and legal "Holder" of the Original Note, or their authority to conduct the foreclosure. Defendants never had a secured debt where terms within the security instrument were enforceable, as the invalid Security Deed they used was not enforceable.

45. All Defendants have purposefully, intentionally, and wrongfully instructed and carried out a collection action by way of Non-Judicial Foreclosure.

## CAUSE OF ACTION BY BAC HOME LOANS SERVICING, LP

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

46. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

47. Defendant BAC is obligated by contract and common law to act in good faith and to deal fairly with the Plaintiff.

48. Defendant routinely and regularly breached this duty by:

   a. Failing to perform loan servicing function consistent with its responsibilities to Plaintiff;

   b. routinely demanding information already in its files;

   c. making inaccurate calculations and determinations of Plaintiff's eligibility for HAMP;

   d. failing to follow through on written and implied promises; and

   e. failing to give trial or permanent HAMP modifications and other foreclosure alternatives to qualified borrows.

49. As a result of these failure to act in good faith and the absence of fair dealing, Defendant caused Plaintiff harm.

### LEGAL STANDING AND POSSESION OF THE ORIGINAL INSTRUMENTS

50. Plaintiff asserts that BAC was not the creditor as it applies to Plaintiffs loan Georgia legislature clearly defines specifically in O.C.G.A § 7-6(A)-2(6) what a Creditor is NOT. Therefore BAC acting in some capacity as an assignee, or maybe even a purchaser, does not have any legal standing to bring fourth a foreclosure.

51. Even if BAC as an assignee had a right to foreclosure, BAC would still have no legal standing due to a fraudulent assignment being the basis of their interest in the Plaintiffs property.

52. Plaintiff further asserts that even if Defendant BAC were or could some how prove that before or at the time of the foreclosure sale they were the secured creditor that, without actual possession of the un-bifurcated, genuine original note and security deed together, pursuant to O.C.G.A. § 11-8-110, O.C.G.A. § 11-9-304 and O.C.G.A. § 11-9-305, they did not have a valid security interest:

53. A security interest in chattel paper or negotiable documents may be perfected by filing. A security interest in instruments . . . can be perfected only by the secured party's taking **possession, . . ."** (emphasis added) § 9-305 also requires that only the secured parties, their agent or bailee can have actual **possession of the *instruments* in order to perfect the security interest.**

> The district court also placed reliance on the fact that the assignment of the collateral notes and trust deeds had been recorded in the county where the land was located. The court felt that this "served as notice to all interested parties." (C.R.127). While this may serve as notice to interested parties who check the county records, this is not sufficient notice to perfect a security interest in pledged instruments, nor is it the type of notice intended or provided by the Uniform Commercial Code. Under the Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is **actual possession** by the secured party, his agent or bailee. Had the drafters

of the Uniform Commercial Code (or the California legislature, in adopting the U.C.C.) decided that filing an assignment of collateral notes secured by trust deeds in the county where the land is located was sufficient to establish perfection, it certainly was in their power to do so. However, they did not. Since the California Commercial Code and the U.C.C. **require actual possession for perfection of the security interests** in this case, the **district court erred by finding "constructive possession" as satisfaction for the perfection requirements.**" *In re Staff Mortgage and Investment Corp.*, 550 F.2d 1228 (9th Cir. 03/30/1977). See also: *Allegaert v. Chemical Bank*, 657 F.2d 495 (2nd Cir. 08/19/1980), *In re Maryville Savings & Loan Corp.*, 743 F.2d 413 (6th Cir. 09/12/1984), *In re Maryville Savings & Loan Corp.*, 760 F.2d 119 (6th Cir. 04/29/1985), *In re Golden Plan of California Inc.*, 829 F.2d 705 (9th Cir. 11/14/1986), *In re Staff Mortgage & Investment Corp.*, 625 F.2d 281 (9th Cir. 08/11/1980), *In re Bruce Farley Corp., 612 F.2d 1197* (9th Cir. 02/01/1980), In re Allen, No. 90-1980 (9th Cir. 12/04/1991), *In re Kennedy Mortg. Co.* 17 B.R. 957 Bkrtcy.N.J., 1982., and *In re Investors & Lenders, Ltd.* 156 B.R. 145, Bkrtcy.D.N.J.,1993.

## CIVIL CONSPRIACY AND FRAUD

54. Contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

55. Plaintiff alleges that the Defendants have acted and taken their legal standing on the basis of a Fraudulent Affidavit and Assignment maybe in concert with Promise Solutions, LLC (here after "Promise Solutions") MERS, or maybe without MERS knowing.

56. This Affidavit Assignment was commenced on January 28, 2011, and recorded in deed book 50190 page 0222 in Gwinnett County on or about July 30, 2010.

57. Said Assignment is patently defective, flawed, deceptive, or fraudulent as the assignment appears to have been prepared and assigned by C Troy Crouse and Thomas Sears as Vice President(s) for MERS.

58. According to the Plaintiffs research, she is of the firm belief that C Troy Crouse and Thomas Sears are not Vice Presidents of MERS, but are listed as employees of McCalla Raymer.

59. The Plaintiff alleges that even if this were a valid assignment by Vice President and Assistant Secretary of MERS, it would still fail, due to the fact that MERS has no legal standing to assign the Note or the Security Deed.

**60.** The attempted foreclosure conducted by Defendants pursuant to the illegal assignment is a wrongful foreclosure and tortuous conduct, and Plaintiff is entitled to recover damages for the same.

## CAUSE OF ACTION BY MCCALLA RAYMER, LLC

### UNFAIR BUSINESS PRACTICES/ FRAUD

61. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

62. McCaller Raymer worked a conspiracy scheme to violate Plaintiffs property Right.

63. McCaller Raymer acted in accordance to a fraudulent assignment agreement.

64. McCaller Raymer has illegally denied Plaintiff her right to full enjoyment of their personal, private property.

65. McCaller Raymer acts were clearly malicious, wanton and reckless disregarding the law and foreclosure proceedings.

66. Any foreclosure of the security in the absence of a valid assignment is null and void *ab initio*. In re Cummings, 173 B.R. 959, 962 (N.D. Ga. 1994). Any foreclosure conducted using fraudulently signed and/or attested documents, which the Defendants knew or

should have known to be fraudulently executed, including deeds, transfers, assignments are defective. Therefore, any wrongful foreclosures are void under O.C.G.A. 23-2-114.

67. The public records reflect a fraudulent Assignment of Mortgage, prepared by McCalla Raymer, possibly with the help of Prommis Solutions, LLC, 1544 Old Alabama Road Roswell, GA 30076, purporting to assign the mortgage from MERS, to BAC. C Troy Crouse and Thomas Sears employees of McCalla Raymer have fraudulently signed an alleged Assignment - recorded on July 30, 2010 in Gwinnett County Georgia, deed book 50190 page 0222 - as Vice President and Assistant Secretary of MERS respectively

68. The Defendants' fraudulent assignments created both patently and latent defective deed, which slanders the title of any property foreclosed upon an assignment with misrepresentation of signatures and therefore fraudulent attestation, causing the Plaintiff damages.

69. Georgia law require that "All transfers of deeds to secure debt shall be in writing; shall be signed by the grantor, or if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds." O.C.G.A 44-14-64.

70. A deed must be attested in the manner prescribed by law for mortgage O.C.G.A 44-14-61.

71. Recorded mortgages for real property must be attested or acknowledged by an official witness and at least one additional witness O.C.G.A 44-14-33.

72. The Assignment - recorded on July 30, 2010 in Gwinnett County Georgia, deed book 50190 page 0222 – was not signed by the alleged grantor MERS, but was signed by employees of McCalla Raymer thus making the assignment fraudulent and void *ab initio.*

73. Any foreclosure of the security in the absence of a valid assignment is null and void *ab initio.* In re Cummings, 173 B.R. 959, 962 (N.D. Ga. 1994). Any foreclosure conducted

using fraudulently signed and/or attested documents, which the Defendants knew or should have known to be fraudulently executed, including deeds, transfers, assignments are defective

## FDCPA VIOLIATIONS

74. McCalla Raymer lack the authority and legal standing to take a foreclosure action against Plaintiffs property.

75. Due to the fraudulent assignment that the defendants were involved in preparing and executing there has been a violation under the provisions of FDCPA, In particular 15 U.S.C. §1692 (f)(6) which states:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ·

Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

76. Plaintiff asserts that there was no valid enforceable security interest, and because of the harmful and fraudulent activities by defendants to create a fraudulent security assignment, the Plaintiff has been harmed and seeks damages for their said willful or neglectful actions.

## JURY DEMAND

77.   Plaintiff demands a trial by a Jury of twelve (12).

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF'S RESPECTFULLY REQUESTS:

1.  That this Petition is filed and that a day is appointed for a hearing on this matter;

2.  That, after notice and hearing, the Court set aside the unlawful Sale of the above-specified property and issue a temporary injunction enjoining and restraining Defendants, or any of them, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting the subject property for any other sale, or from otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and  enjoyment of the subject property during the course of this cause;

3.  That the property title be made quiet pursuant to O.C.G.A. § 23-3-40

4.  That, after trial on the merits, the Court permanently enjoin Defendants, or any of them, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property of the subject property, reporting the subject property for any other sale, or otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and enjoyment of the property;

4.  Damages in an amount not to exceed the jurisdictional limits of this Court;

5.  Economic Damages;

6. Punitive Damages;

7. Additional Treble Damages for all intentional and knowing violations;

8. Exemplary Damages;

10. Equitable Relief;

11. Costs of Court; and

12.   All other relief to which Plaintiffs' are entitled;

13.   Plaintiffs' pray for general relief.


Signed and respectfully submitted on this day _22_ , March, 2011

Debra Harris
1765 Cambell Ives Dr,
Lawrenceville, GA 30045
678 - 900 - 7773

### Affidavit of Truth of Statements

I, Debra Harris, am over 18 years of age and competent, do hereby affirm that I have personal

knowledge of all the facts, in the **COMPLAINT TO SET ASIDE WRONGFUL**

**FORECLOSURE AND TO QUIET TITLE PURSUANT TO O.C.G.A. § 44-14-184 AND**

**O.C.G.A. § 23-3-40, RESPECTIVELY,** including all allegations, statements contained herein

and related documents are true to the best of my knowledge and beliefs pursuant to OCGA 9-10-

111 and under penalty of perjury.


Date _22_ day of March, 2011



Sworn to and Subscribed on this _22nd_ day of March, 2011

Notary

_____
Debra Harris, Affiant, A.R.R.

_____
(Notary Signature

_____
Print Name of Notary Public

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2011 MAR 22 PM 4: 36

TOM LAWLER, CLERK

Court
☑ Superior
☐ State

County Gwinnett

Docket # 11A-02955-10

Date Filed 3-22-2011

MM-DD-YYYY

**Plaintiff(s)**

Harris   Debra

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

No. of Plaintiffs   1

**Plaintiff/Petitioner's Attorney**     ☑ Pro Se

Harris   Debra

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

Bar # _____

**Defendant(s)**

BAC Home Loans Servicing, LP

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

Crouse C Trey

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

Sears Thomas

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

Raymer McCall?

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

No. of Defendants _____

---

## Check Primary Type (Check only ONE)

- ☐ Contract/Account
- ☐ Wills/Estate
- ☑ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____
  _____

## If Tort is Case Type:
### (Check no more than TWO)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☑ Yes ☐ No

**FORM 10**